IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DAVID L. JOHNSON, AIS 134016,	:

    Plaintiff,	:

vs.	:	CA 11-0228-CG-C

PENTON ASHWORTH, et al.,	:

    Defendants.

**REPORT AND RECOMMENDATION**

This action is before the Court on plaintiff's motion for entry of default judgment (Doc. 99; *see also* Doc. 100 (supporting affidavit))—wherein Johnson states he is moving for entry of a default judgment against defendant Donald Bell (Doc. 99, at 1)[1]—and has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), for appropriate action.

Plaintiff initiated this civil rights action, pursuant to 42 U.S.C. § 1983, against Bell and five other defendants by filing a complaint in this Court on May 6, 2011. (Doc. 1.) Johnson now seeks entry of a default judgment against defendant Bell. (Doc. 99.) On

---

    [1] Plaintiff's concurrent application to the Clerk of Court for entry of default against Donald Bell (Doc. 101) is **MOOT** inasmuch as the Clerk entered default against Donald Bell, for failure to plead or otherwise defend, on February 29, 2012 (Doc. 50).

1

November 22, 2011, a Notice of Lawsuit and Request for Waiver of Service of Summons was sent to Bell at the address provided by the Alabama Department of Corrections (Doc. 43) and, on January 9, 2012, Bell executed a Waiver of Service of Summons (Doc. 47), and thereby acknowledged his understanding that judgment could be entered against him if an answer or special report was not filed by him on or before January 23, 2012 (*see id.*). When Bell did not answer the complaint or file a special report by January 23, 2012 (*compare id. with* Docket Sheet), the Court, on February 28, 2012, ordered the Clerk of Court to proceed with entry of default against Bell (Doc. 49) and such entry of default was made on February 29, 2012 (Doc. 50).

There are two separate and distinct steps in the process for obtaining a default judgment, *see, e.g., Elektra Entertainment Group v. Freeman*, 2007 WL 1837130, *2 (M.D. Ala. Jun. 26, 2007), "that cannot be combined into one." *Travelers Cas. & Surety Co. of America, Inc. v. East Beach Dev., LLC*, 2007 WL 4097440, *1 (S.D. Ala. Nov. 14, 2007). The moving party must first seek the entry of default by the clerk of court, *compare Elektra Entertainment Group, supra with* Fed.R.Civ.P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."), and only then, after entry of default, may the moving party make entry for default judgment, *see Travelers Cas. & Surety Co. of America, Inc., supra* ("'First, the party seeking a default judgment must file [an application] for entry of default with the clerk of a district

court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party.'"). "The point is that a clerk's entry of default must precede an application to the district judge for entry of default judgment." *Travelers Cas. & Surety Co. of America, Inc., supra* (citations omitted).

Because Johnson long ago satisfied the first step for obtaining a default judgment as to defendant Bell (*see* Docs. 49-50), there is no requirement that he again apply to the Clerk for entry of default (Doc. 101); instead, this motion (Doc. 101) is **MOOT**, and the undersigned, in proceeding to the second step set forth in Rule 55, simply recommends that plaintiff's motion for default judgment as to defendant Bell (Doc. 99; *see also* Doc. 100) be **GRANTED**. In accordance with the plaintiff's request, the amount of damages Bell owes Johnson will be determined following an evidentiary hearing to be conducted in February of 2013 (*see* Doc. 99, at ¶ 5) and incorporated in a final report and recommendation.

The Clerk of Court is directed to send a copy of this report and recommendation to defendant Bell at the address from which the Waiver of Service of Summons was received, to-wit: 273 Confederate Circle, Monroeville, Alabama 36460. (*See* Doc. 47.)

The instructions which follow the undersigned's signature contain information

regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 19th day of June, 2012.

                s/WILLIAM E. CASSADY
                **UNITED STATES MAGISTRATE JUDGE**

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l. *Objection*.   Any party who objects to this recommendation or anything in it must, within fourteen (14)   days of the date of service of this document, file specific written objections with the Clerk of this court.   Failure to   do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.   *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).   The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[2]  after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable Where Proceedings Tape Recorded)*.   Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[2]     Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

5