IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DAVID L. JOHNSON, AIS 134016,    :

    Plaintiff,                                    :

vs.                                                      :         CA 11-0228-CG-C

PENTON ASHWORTH, et al.,          :

    Defendants.

## REPORT AND RECOMMENDATION

Defendant James English filed a motion to dismiss plaintiff's first amended complaint[1] on September 28, 2012 (Doc. 152). Through this brief report and recommendation, entered pursuant to 28 U.S.C. § 636(b), it is recommended that the Court **STRIKE** English's motion to dismiss as untimely filed and order this defendant to answer the first amended complaint.

A review of the docket sheet in this matter reflects that on August 31, 2012, summons was issued in this case and directed to James English, 3193 Stanley Road, Brewton, AL 36426, advising this defendant that a lawsuit had been filed against him and of his obligation to "serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure[]" within "21 days after service" of the summons, discounting the date of receipt of the summons. (Doc. 141.) English was served with the summons and first amended complaint by certified mail on

---

    [1]     Plaintiff's first amended complaint was filed on July 20, 2012 (Doc. 111).

September 4, 2012 (Doc. 145.);[2] therefore, the docket sheet reflects a corresponding answer due-date of September 25, 2012 (*see id.*, Docket Sheet Entry for September 6, 2012). English did not timely file an answer or motion to dismiss on or before September 25, 2012 (*see* Docket Sheet); instead, he filed the instant motion to dismiss on September 28, 2012 (Doc. 152) but no corresponding motion to file the motion to dismiss out-of-time (*see* Docket Sheet).

In addition to defendant English being specifically advised in the summons that his answer or motion pursuant to Rule 12 was due within 21 days after service of the summons (excluding the date of receipt) (Doc. 141), and the docket sheet reflecting an answer due-date of September 25, 2012 (Docket Sheet Entry for September 6, 2012), Rule 12(a) of the Federal Rules of Civil Procedure unequivocally provides that "[a] defendant must serve an answer [or responsive pleading] . . . within 21 days after being served with the summons and complaint[.]" Fed.R.Civ.P. 12(a)(1)(A)(i). Inasmuch as the record in this case makes clear that English's responsive pleading was due on or before August 25, 2012, but he did not file his motion to dismiss until September 28, 2012, some three days late, his motion to dismiss is due to be **STRICKEN FROM THE RECORD** and he should be **ORDERED** to answer plaintiff's first amended complaint. Counsel for this defendant is certainly cognizant of the fact that dispositive motions are due in this case on October 19, 2012 (Doc. 81, ¶ 12)—less than three weeks away—and, therefore, the striking of the present motion will not foreclose the opportunity this defendant has, following the close of all discovery, to request summary disposition of the claims asserted against him in a timely and properly-supported dispositive motion.

---

[2]     The person who signed the receipt for delivery of the certified mail was Jonathan English. (*See id.*)

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 1st day of October, 2012.

                                      s/WILLIAM E. CASSADY
                                      **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l. *Objection*. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable Where Proceedings Tape Recorded)*. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).