IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DAVID L. JOHNSON,                     )
                                      )
        Plaintiff,                    )
                                      )
vs.                                   )      CIVIL ACTION NO. 11-228-CG-C
                                      )
PENTON ASHWORTH, et al.,              )
                                      )
        Defendants                    )
                                      )

## ORDER

This matter is before the Court on the Report and Recommendation of the

Magistrate Judge (Doc. 248), and Plaintiff David L. Johnson's objections to the

Report and Recommendation. (Doc. 249). After careful consideration of all relevant

portions of this file, and a de novo review of those portions of the recommendation to

which objection is made, the Court adopts the Report and Recommendation, with

the following additional discussion.

## I. Background

There are multiple defendants in this case, but this matter concerns

defendants Donald Bell and Christopher Mummert. Plaintiff alleges Bell and

Mummert failed to intervene during an incident at the Holman Correctional

Facility in Atmore, Alabama on December 31, 2010. (Docs. 111, 155). On that date,

Plaintiff says he refused medical treatment, which caused defendants Kevin Dunn and Penton Ashworth to become aggressive and assault him. (Doc. 155, pp. 3 – 4). Specifically, Plaintiff claims Ashworth sprayed him twice with a chemical agent called Sabre Red. (Doc. 155, p. 4). Defendants Roger Marsh, James Pate, James English, Mummert and Bell then tackled Plaintiff, pinned him on the ground, and handcuffed him. (Doc. 155, pp. 2, 4). Dunn kicked and punched Plaintiff in the face while he was lying on the ground. (Doc. 155, p. 4). The resulting injuries were so severe Plaintiff needed medical treatment at a free world hospital. (Doc. 155, p. 5). Defendants then attempted to conceal what occurred by saying Plaintiff's injuries arose from a brachial stun technique, and that he hit his face on the ground when they tackled him. (Doc. 155, p. 5). Because of the assault and attempted cover-up, the Alabama Department of Corrections fired or forced Bell and Mummert to resign. (Doc. 155, p. 5).

After these events, Plaintiff initiated this lawsuit on May 6, 2011. (Doc. 1). Defendants Mummert and Bell failed to answer the complaint or otherwise appear in this case. Subsequently, the Court entered a default judgment against Bell on July 12, 2012. (Doc. 110). The Court also entered a default judgment against Mummert on January 30, 2013. (Doc. 197). On August 13, 2014, the Magistrate Judge held an evidentiary hearing to determine whether any damages are warranted against Bell and Mummert based on Plaintiff's failure to intervene claim. (Doc. 248, p. 8). On August 18, 2014, Plaintiff renewed his motion for default judgment against Bell. (Doc. 241). Plaintiff also filed a motion for attorneys' fees on

September 10, 2014 (Doc. 244), and supplemented that motion on November 4,
2014. (Doc. 246).

## II. The Magistrate Judge's Report & Recommendation

The Magistrate Judge recommended that the Court should not award
Plaintiff damages against Defendants Mummert and Bell, and that Plaintiff's
motion for attorneys' fees should be denied.  Specifically, the Magistrate found the
following:

1) to the extent Plaintiff stated a cause of action against Bell and
   Mummert for failure to intervene, he has done so only as it relates
   to defendant Ashworth's second discharge of pepper spray ("Sabre
   Red") and defendant Dunn's punch to his face that occurred after
   Dunn's initial and unexpected kick (Doc. 248, pp. 19 – 20);

2) the allegations in the first and second amended complaints are
   sufficient to entitle Plaintiff to a default judgment against Bell and
   Mummert to the extent his failure to intervene claims seek to
   recover for the second burst of pepper spray ("Sabre Red") and
   Dunn's punch to his face (Doc. 248, pp. 22 – 24);

3) Plaintiff failed to offer any evidence establishing Bell or Mummert
   knew or had reason to know defendants Ashworth or Dunn would
   use excessive force against him (Doc. 248, pp. 25 – 26);

4) Plaintiff failed to offer any evidence showing that the second burst
   of pepper spray ("Sabre Red") caused damage over and above the
   initial burst of pepper spray, or that Dunn's punch to the eye
   caused damage over and above Dunn's kick to his head (Doc. 248, p.
   26);

5) given the failure of proof as to damages for this specific claim,
   Plaintiff is not entitled to recover damages from Bell or Mummert
   (Doc. 248, p. 27);

6) because Plaintiff is not a "prevailing party" on his failure to

3

intervene claims, he is not entitled to attorneys' fees. (Doc. 248, pp. 27 – 28).

## III. Discussion

Plaintiff "objects to certain findings of the Magistrate Judge's Report and Recommendation." (Doc. 249, p. 1). In particular, Plaintiff argues the Magistrate Judge incorrectly characterized the default judgments entered against Bell and Mummert as only "defaults." (Doc. 249, p. 3). Plaintiff contends this Court should reject the Magistrate Judge's holding that those default judgments should now be vacated. (Doc. 249, p. 12). "Plaintiff believed that the Court had found the existence of damage to be established, giving Johnson a right to relief, but that amount would be determined later." (Doc. 249, pp. 12 – 13). Plaintiff claims he has "proved the amount of damages attributable to Bell and Mummert's conduct and this Court should enter an order modifying its already entered judgments, assessing the appropriate amount of damages." (Doc. 249, p. 15). Plaintiff further argues that the "fact that the allegations of the complaint do not establish that Bell or Mummert knew Dunn was going to kick and punch [Plaintiff] is immaterial as foreknowledge is not an element of a failure to intervene claim." (Doc. 249, p. 20, n. 13).

To support his claim for damages, Plaintiff highlights the medical records he submitted into evidence during the hearing on August 13, 2014. (Doc. 249, p. 21). Those records include a CT scan of his facial bones, which "revealed soft tissue swelling around the left orbit but no acute facial fracture." (Doc. 249, p. 21). Plaintiff also provided records showing "silvadene cream was applied to his neck

4

and shoulders to treat the chemical burns and medication was applied to his eye."
(Doc. 249, p. 21). Because of "massive subconjunctival hemorrhage and decrease in
vision," Plaintiff was transferred to the Mobile Infirmary Hospital for further
treatment. (Doc. 249, p. 22). Plaintiff also suffers from eye pain, headaches, and
anxiety stemming from the incident that occurred on December 31, 2010. (Doc. 249,
p. 22).

Plaintiff thus argues he "has proven compensable damages," and "the simple
fact that [he] suffered a deprivation of his constitutional rights itself satisfies any
necessity of proving the fact of damages." (Doc. 249, p. 22). Plaintiff seeks
compensatory and punitive damages from Bell and Mummert. (Doc. 249, p. 22).
Plaintiff specifically asks for $5,000 in compensatory damages, and $15,000 in
punitive damages against each Defendant, and an award of attorneys' fees and costs
as set forth in his motion for attorneys' fees. (Doc. 249, p. 24).

### A. Default Judgment and Damages

Rule 55 establishes a two-step process for obtaining a default judgment.
First, a party must successfully request the Clerk of Court to enter the other party's
default. FED. R. CIV. P. 55(a). Second, after receiving the Clerk's entry of default, the
party must submit a motion for default judgment to the court. FED. R. CIV. P. 55(b).
If the plaintiff's claim is for a sum certain, the clerk will enter default judgment, but
if damages are uncertain or other relief is sought, the plaintiff must apply to the
court for default judgment. FED. R. CIV. P. 55(b)(2).

Default is not "an absolute confession by the defendant of his liability and of

5

the plaintiff's right to recover," rather it is merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." <u>Pitts ex rel. Pitts v. Seneca Sports, Inc.</u>, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004) (citations omitted); <u>see</u> <u>also</u> <u>GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.</u>, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002). "Even in the default judgment context, a court has an obligation to assure that there is a legitimate basis for any damage award it enters." <u>PNCEF, LLC v. Hendricks Bldg. Supply LLC</u>, 740 F. Supp. 2d 1287, 1292 (S.D. Ala. 2010) (internal quotation and citations omitted). While well-pleaded facts in the complaint are deemed admitted, plaintiff's allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages. <u>Miller v. Paradise of Port Richey, Inc.</u>, 75 F.Supp.2d 1342, 1346 (M.D. Fla. 1999); <u>see</u> <u>also</u> <u>Anheuser Busch, Inc. v. Philpot</u>, 317 F.3d 1264, 1266 (11th Cir. 2003) (federal law requires judicial determination of damages absent factual basis in record).

To be sure, the Court is not "vacating" the default judgments entered against Mummert and Bell. As mentioned, when the amount of damages is in dispute, as in this case, only the court may enter judgment, and then only after determining the amount of damages. FED. R. CIV. P. 55(b)(2). There can be no "judgment" without a determination of relief, and damages for a default judgment are not awarded automatically. <u>See</u> <u>Anheuser Busch, Inc.</u>, 317 F.3d at 1267 ("The default judgment entered by the court against [defendant] was not a final default judgment, as it

provided neither relief nor damages."); see also Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award).

In his objection, Plaintiff thoroughly argues that he has alleged a failure to intervene claim against Mummert and Bell. (Doc. 155, pp. 16 – 19). The Court agrees Plaintiff has alleged facts to support such a claim, however, the primary issue is whether Plaintiff has shown he is entitled to *damages* based on these claims. For damages, Plaintiff rehashes the same arguments that the Magistrate Judge previously considered and rejected. Plaintiff points to evidence showing injuries that occurred as a result of Dunn's initial kick to Plaintiff's head and the first burst of pepper spray. (Doc. 249, pp. 21 – 22). The evidence does not, however, show injuries that occurred as a result of Dunn's later punch or the second burst of pepper spray.

Furthermore, Plaintiff does not provide any evidence to show Mummert and Bell were in a position to prevent Dunn from punching Plaintiff or to stop the second burst of pepper spray. (Doc. 249, pp. 16 – 19). Plaintiff instead argues Bell and Mummert were present and witnessed the altercation, thus they "had the opportunity to protect" Plaintiff. (Doc. 155, p. 19). But Defendants' mere presence is not enough to establish damages for a failure to intervene claim. Cf. Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998) (in order for an officer to be liable for failing to stop police brutality, the officer must be in a position to intervene).

After reviewing the record, the Court agrees with the Magistrate Judge's findings that the evidence does not support awarding damages for Plaintiff's failure to intervene claim as to defendants Mummert and Bell.

## B. Prevailing Party and Attorneys' Fees

Plaintiff argues he is the prevailing party pursuant to 42 U.S.C. § 1988, thus he has a right to recover reasonable attorneys' fees. (Doc. 249, p. 24). To qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement. Farrar v. Hobby, 506 U.S. 103, 111 (1992) (citations omitted). Accordingly, a plaintiff who wins nominal damages is a prevailing party under section 1988. Id. at 112. Standing alone, however, "the moral satisfaction that results from any favorable statement of law" cannot bestow prevailing party status. Id. at 112 – 13.

In this case, the Court agrees with the Magistrate Judge's finding that Plaintiff is not a prevailing party. There is no material alteration of the legal relationship between Plaintiff and Mummert or Bell based simply on their default. See Id. (no material alteration of the legal relationship between the parties occurs until the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant). Accordingly, the Magistrate Judge properly recommended denial of Plaintiff's motion for attorneys' fees and costs.

## CONCLUSION

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the Report and Recommendation to which objection is made, the undersigned hereby **ADOPTS** the Report and Recommendation (Doc. 248) of the Magistrate Judge.   It is hereby **ORDERED** that plaintiff have and take nothing from the defaulting defendants, and that the motion for an award of attorneys' fees (Doc. 244) as amended (Doc. 246) is **DENIED** because plaintiff is not a prevailing party under § 1988.

**DONE and ORDERED** this 31st day of March, 2015.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE